IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAMAR W. MONTGOMERY,

    Plaintiff,

v.

JUDY LYNCH, et al.,

    Defendants.

Case No. 2:20-cv-842
Judge George C. Smith
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docs. 1). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint (Docs. 1-2, 1-3).

### I. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

Plaintiff, a resident of Columbus, purports to sue Judy Lynch, Community Support Housing, "Twin Valley Behavior," "Adam H Borad," City of Columbus," "Employers of Columbus," and "Business Small and Corporations." (*See generally* Docs. 1-2, 1-3). Plaintiff does not bring an intelligible legal claim in his Complaint, which speaks for itself:

> Pay me because people who have not been as many class as we are getting billions, I been put to work because I was thrown on medications that could have killed me if I was not as strong as I am. People vilate [sic] my provicy [sic] all day eve[r]yday on social media for money. I want what is owed to me and I want Judge Lynch removed because she caused harm to me, love[d] ones, and all of Columbus as African Americans.

(Doc. 1-3 at 4).

In a prior case like this one also filed by Plaintiff, the Court held that:

> Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendants violated Plaintiff's rights. Thus, he has failed to satisfy the basic federal pleading requirements set forth in Rule 8(a). *Twombly*, 550 U.S. at 555. Moreover, the allegations Plaintiff sets forth in his Amended Complaint are so nonsensical as to render his Amended Complaint frivolous. A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id.* at 327–28. This Court is not

required to accept the factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Montgomery v. City of Columbus, et al.*, 2:18-cv-00187, Doc. 2 at 4 (S.D. Ohio).

So too here. Plaintiff's allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). Because Plaintiff's Complaint is premised on incomprehensible allegations, the Undersigned finds Plaintiff has failed to state a plausible claim for relief and it is recommended that this action be dismissed as frivolous. *See Flores*, 2014 WL 358460, at *3.

### III. CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** the Motion for Leave to Proceed *in forma pauperis* (Doc. 1), and **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint (Docs. 1-2, 1-3).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the

decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474

U.S. 140, 152–53 (1985).

    IT IS SO ORDERED.


Date: February 27, 2020                         /s/Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE